**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **JOHN RODNEY SCOTT** | § | **CIVIL ACTION** |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **NO. 1:12-cv-607** |
| | § | |
| **WAL-MART STORES, INC.** | § | |
| **Defendant** | § | **JURY** |

**<u>DEFENDANT'S NOTICE OF REMOVAL</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW DEFENDANT, WAL-MART STORES TEXAS, LLC (Incorrectly Named As WAL-MART STORES, INC.), and in accordance with 28 U.S.C.§§ 1332, 1441, and 1446 *et seq.*, file Notice of Removal of the above-styled case from the 88th Judicial District Court of Hardin County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, based on diversity of citizenship of the parties.  Pursuant to the applicable federal statutes and the Local Rules for the Eastern District of Texas, Defendant attaches the following documents in support of this Notice of Removal:

1. Attachment A -   Plaintiff's State Court Pleadings;

2. Attachment B -   Defendant's State Court Pleadings;

3. Attachment C-   Certified Copy of State Court Docket Sheet;

4. Attachment D -   Citation of Service and Notice of Service of Process on WAL-MART STORES, INC.;

5. Attachment E -   List of Parties and Counsel; and,

6. Attachment F -   State Court Information Sheet.

The documents attached hereto as Attachment "A" through "D" comprise true and correct copies of all executed process and pleadings served upon Defendant and of all documents filed in the state court action.

In filing this Notice of Removal, Defendant expressly reserves all other questions other than that of removal, for the purpose of further pleadings.

## I.

## STATE COURT ACTION

Plaintiff's Original Petition, styled *John Rodney Scott vs. Wal-Mart Stores, Inc.*, Cause No. 53,709, was filed on November 30, 2012, in Hardin County, Texas, and assigned to the 88th Judicial District Court of Hardin County, Texas, located at 300 West Monroe, 2nd Floor, P O Box 2997, Kountze, Texas 77625.

## II.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on or about October 27, 2010, he was at Defendant's Wal-Mart store in Lumberton, Hardin County, Texas, as a result of an expressed or implied invitation from Defendant. *See* Exhibit "A" - Plaintiff's Original Petition, Paragraph D.  Plaintiff alleges that he was injured due to a fall. *Id*. According to Plaintiff's petition, Plaintiff's fall was due to a slick floor. *Id*. Plaintiff alleges that Defendant owed certain duties to the Plaintiff and that Defendant breached said duties. *Id.* at E.  More specifically, Plaintiff alleges that Defendant failed to properly inspect and maintain the floor area in question, maintain the floor in a reasonably safe condition, give adequate and understandable warnings to Plaintiff of the unreasonably safe condition, remove the substance causing the slip and fall, discover and remove the substance

within a reasonable time, use the care of a reasonably prudent person under the same or similar circumstances.  *Id.*

## III.

## PARTIES  - DIVERSITY OF CITIZENSHIP

Plaintiff, John Rodney Scott, is a resident of Hardin County, Texas.

Defendant, Wal-Mart Stores Texas, LLC (incorrectly named as Wal-Mart Stores, Inc.), was and at the time of filing of this action is a limited liability company existing under the laws of the State of Delaware with its principal place of business in the State of Arkansas.  The sole member of Defendant, Wal-Mart Stores Texas, LLC, is Wal-Mart Stores East, L.P., a Delaware limited partnership with its principal place of business is in the State of Arkansas.  Wal-Mart Stores East, L.P., is comprised of general partner, WSE Management, L.L.C., and limited partner, WSE Investment, L.L.C., both of which are Delaware limited liability companies with their principal places of business in the State of Arkansas.  The sole member of both WSE Management, L.L.C., and WSE Investment, L.L.C., is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in the State of Arkansas. Wal-Mart Stores East, Inc., is wholly owned by Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Arkansas.

Accordingly, there is complete diversity of citizenship between Plaintiff and the Defendant.  28 U.S.C. §§ 1332, 1441.

## IV.

## AMOUNT IN CONTROVERSY

The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 since it is a civil action wherein the matter in controversy

exceeds the minimum jurisdictional limits of this Court exclusive of interest and costs and is between citizens of different states.

Although Plaintiff does not specifically plead a damage amount in his Petition, Plaintiff alleges that he suffered "serious and permanent injuries," and that because of such alleged injuries, he has suffered the following damages:

(1) Reasonable and necessary medical and other health care expenses in the past;

(2) Reasonable and necessary medical and other health care expenses in the future;

(3) Loss of earnings and earning capacity in the past;

(4) Loss of earnings and earning capacity in the future;

(5) Physical impairment in the past;

(6) Physical impairment in the future;

(7) Physical pain in the past;

(8) Physical pain in the future;

(9) Mental anguish in the past;

(10) Mental anguish in the future.

(11) Physical disfigurement in the past;

(12) Physical disfigurement in the future; and,

(13) **Exemplary damages.**

*Id.* at Paragraphs G and F, respectively. With regard to Plaintiff's claim for exemplary damages, Plaintiff's Petition specifically alleges the following:

### F. Exemplary Damages

18.     **Defendant's acts and omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant**

4

**had actual subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff or others.**

19.   **Based on the facts stated herein, Plaintiff requests exemplary damages from Defendant.**  *Id. at Paragraph F.*

Although Defendant denies that Plaintiff sustained the injuries and damages alleged in his Petition, it is apparent from the face of Plaintiff's pleadings that the amount in controversy claimed by Plaintiff allegedly exceeds the Court's minimum jurisdiction.  Moreover, although Defendant denies that Plaintiff sustained such alleged damages, Plaintiff's pleadings demonstrate by a "preponderance of the evidence" that the claimed amount in controversy alleged by Plaintiff exceeds the minimum jurisdictional limits of this Court.  *Hogg v. Rust Industrial Cleaning Svcs, Inc.*, 896 F. Supp. 655 (E.D. Tex. 1995); *Carnahan v. Southern Pacific Railroad Transportation Co.*, 914 F. Supp 1430 (E.D. Tex. 1995) *citing De Aguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir. 1993); *Callaway v. BASF Corp., et al*, 810 F. Supp. 191 (S.D. Tex. 1993); *Cordova v. Fleet Source Transportation Services, Inc.,* 2006 WL2706770 (S.D. Tex. Sep. 18, 2006) (NO. C-06-349).

The Plaintiff in *Cordova* filed pleadings similar to Scott's Petition herein. *See Id*.  Like Scott, Plaintiff Cordova did not allege a specific amount of damages sought, but claimed "severe bodily injuries" and "great physical and mental pain" and alleged injury to specific body parts. *Id*. at *3.  Cordova sought unspecified amounts of damages for past and future medical care and expenses, physical pain and suffering, physical impairment, probable loss of future earning capacity, fear of future disease or condition, costs of medical monitoring and prevention, property damage and loss of use. *Id.*  Cordova's petition also sought an unspecified amount of exemplary damages against all defendants. *Id.* Accordingly, the Court in *Cordova* held it was "facially apparent" that the plaintiff's petition support[ed] federal jurisdiction. *Id.* at *3.

Given these facts, it is facially apparent that Scott's petition supports federal jurisdiction. In view of the nature of the claims and damages sought, Defendant has established that the alleged amount in controversy is sufficient to confer federal jurisdiction in this Court.

For the reasons stated above, this Court has original jurisdiction of this case pursuant to 28 U.S.C. §1332(a).

## V.

## <u>REMOVAL IS TIMELY</u>

Removal is timely.  Defendant, Wal-Mart Stores Texas, LLC (Incorrectly Named as Wal-Mart Stores, Inc.), was served with Plaintiff's Original Petition on December 5, 2012.  As such, service on Defendant has been less than 30 days from filing this Notice of Removal.  *See* 28 U.S.C. § 1446(b).

## VI.

## <u>VENUE</u>

This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because the district and division embrace the place where the removed action has been pending.

## VII.

## <u>FILING WITH STATE COURT AND NOTICE TO PLAINTIFF</u>

Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to the Plaintiff through Plaintiff's counsel as required by law.  A copy of this Notice is also being filed with the District Clerk of Hardin County, Texas, where this cause was originally filed.  A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

## VIII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, DEFENDANT, WAL-MART STORES TEXAS, LLC (Incorrectly Named as Wal-Mart Stores, Inc.), prays that the United States District Court for the Eastern District of Texas, Beaumont Division, accept this Notice of Removal and assume jurisdiction of this matter and issue any orders and processes necessary to bring Plaintiff, John Rodney Scott, and Defendant, Wal-Mart Stores Texas, LLC (Incorrectly Named as Wal-Mart Stores, Inc.), before it, and to effectively prevent further proceedings of this case in the District Court of Hardin County, Texas.

Respectfully submitted,

PATE & SPIVEY, L.L.P.

/s/ Karen L. Spivey
KAREN L. SPIVEY
Federal Id. No.11680
Texas Bar No. 18955100
**ATTORNEY IN CHARGE FOR DEFENDANT, WAL-MART STORES TEXAS, LLC (INCORRECTLY NAMED AS WAL-MART STORES, INC.)**
GORDON R. PATE
Federal Id. No. 9811
Texas Bar No. 15563000
505 Orleans, Suite 505
FIRST CITY BUILDING
Beaumont, TX 77701
Ph:      409 / 838-6578
Fx:      409 / 838-6922

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been

forwarded to opposing counsel of record on this 28th day of December, 2012, in accordance with

the Federal Rules of Civil Procedure by Certified Mail, addressed as follows:

Mr. Paul F. Ferguson, Jr.
State Bar No. 06919200
Mr. Cody A. Dishon
State Bar No. 24082113
PROVOST ★ UMPHREY LAW FIRM, LLP
P O Box 4905
Beaumont, Texas 77704-4905
Ph:      409 / 835-6000
Fx:      409 / 813-8617

/s/ Karen L. Spivey
_____
KAREN L. SPIVEY