UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN RODNEY SCOTT § | | CIVIL ACTION |
| Plaintiff § | | |
| § | | |
| vs. § | | NO. 1:12-cv-607 |
| § | | |
| § | | |
| WAL-MART STORES, INC. § | | JURY |
| Defendant § | | |
| § | | |

**PLAINTIFF'S FIRST AMENDED PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **JOHN SCOTT,** hereinafter referred to as Plaintiff, and files his Amended Complaint against **WAL-MART STORES TEXAS, LLC**, hereinafter referred to as Defendant. Plaintiff would respectfully show the Court the following:

I.

1. Plaintiff is a resident of Hardin County, Texas.

2. Defendant is a corporation organized under the laws of Delaware with a principal place of business in Bentonville, Arkansas. Said Defendant is doing business in Texas and may be served with process by serving its attorney of record, Karen L. Spivey, Pate & Spivey, L.L.P., 505 Orleans Suite 500, Beaumont, Texas, 77701.

II.

3. The Court has jurisdiction over Defendant because this Defendant is a citizen of the State of Texas engaged in business in Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

4.     Plaintiff originally filed suit in the 88th Judicial District of Hardin. Subsequently, Defendant filed a Notice of Removal from the 88th Judicial District Court of Hardin County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division.

III.

5.     This suit is brought by Plaintiff for those damages to which he is entitled to recover from Defendant as a result of the personal injuries sustained on or about August, 21, 2012 at 100 N LHS Dr. in Lumberton, Texas.

6.     At all times material hereto, Defendant was the owner of the premises located at 100 N LHS Dr., Lumberton, Texas 77657.

7.     Plaintiff entered upon said premises in response to an express or implied invitation by the Defendant and for the benefit of both Plaintiff and Defendant.

8.     While Plaintiff was upon Defendant's property, Plaintiff sustained serious and permanent injuries as a result of a dangerous condition that proximately caused Plaintiff to slip and fall.

9.     Plaintiff's bodily injuries occurred as a direct result of a fall that was proximately cause by the dangerous condition, which Defendant knew or, in the exercise of ordinary care, should have known existed.

IV.

10.    At all times mentioned herein, Defendant had such control over the premises in question and Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

11.    Defendant and/or its agents, servants and employees negligently permitted the floor to become slick, negligently or willfully allowed such condition to continue and

negligently or willfully failed to warn Plaintiff of the condition of the floor. This condition existed despite the fact that Defendant and/or its agents, servants and employees knew or should have known of the existence of the aforementioned condition and that there was a likelihood of a person being injured as occurred to Plaintiff.

12. Furthermore, Plaintiff would show the Court that the condition of the floor had continued for such period that, had Defendant and/or its agents, servants and employees exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons.

13. As a result of this accident, Plaintiff sustained severe and disabling injuries and damages, which will be set out more fully hereinafter. This accident and the resulting injuries were brought about to occur and were proximately caused by the negligence of the Defendant. The following acts and omissions included, but not limited to, below illustrate how Defendant was negligent:

    a. In failing to properly inspect and maintain the flooring area in question

    b. In failing to maintain the floor in a reasonably safe condition;

    c. In failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

    d. In failing to remove the substance causing the slip and fall;

    e. In failing to discover and remove the slick substance within a reasonable time;

    f. In failing to use the care of a reasonably prudent person under the same or similar circumstances; and

    g. In committing various other acts and/or omissions of negligence, both statutorily and at common law, to be specified at the time of trial.

14.    All the above acts, wrongs, and/or omissions as well as various other acts, wrongs, and/or omissions, either collectively or individually, on the part of the Defendant amounted to negligence and were the proximate cause of the resulting injuries and damages to and by Plaintiff.

V.

15.    Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff and others.

16.    Based on the facts stated herein, Plaintiff requests exemplary damages from Defendant.

VI.

17.    As a result of the accident made the basis of this lawsuit, Plaintiff has suffered the following injuries to his body generally and further suffered the following damages and/or losses:

    a.    Reasonable and necessary medical and other health care related expenses, past and future;

    b.    Loss/impairment of earnings and/or earning capacity, past and future;

    c.    Physical pain, past and future;

    d.    Mental anguish, past and future;

    e.    Physical impairment, past and future;

   f.  Physical disfigurement, past and future.

18. These injuries, damages and losses were brought about to occur and were proximately caused as a result of the accident made the basis of this lawsuit.

19. In addition, Plaintiff says that if it be shown that he had a pre-existing disease or condition, then he will show that same was neither painful or disabling and that as a result of the injuries inflicted upon her by the negligence of Defendant, Plaintiff's disease(s) or condition(s) were aggravated or incited to the extent that same became painful, disabling and proximately caused the damages described above.

20. Plaintiff also asserts a claim for pre-judgment and post-judgment interest for all elements of damages that such interest is allowed.

21. Plaintiff also asserts a claim for court costs for all costs where such is allowed.

VII.

22. **WHEREFORE, PREMISES CONDIDERED,** Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages; prejudgment and postjudgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
490 Park Street
P. O. Box 4905
Beaumont, Texas  77704-4905
(409)835-6000 - telephone
(409)813-8617 – facsimile

By:__*Cody A. Dishon*_____

Paul F. Ferguson, Jr.
State Bar No. 06919200
Cody A. Dishon
State Bar No. 24082113
**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record on this the 16th day of January, 2013 by electronic filing, facsimile and/or certified mail, return receipt requested.

__*Cody A. Dishon*_____
Cody A. Dishon